UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BURTON,

        Plaintiff,

v.

Case No.: 17-10429

Honorable Gershwin A. Drain

THE CITY OF DETROIT, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#35]

### I.    INTRODUCTION

Plaintiff Eric Burton filed the instant 42 U.S.C. § 1983 action against Defendant police officers John McKee, Steven Fultz, Michael Manzella and Sam Serra alleging that the Defendants violated his constitutional rights during an encounter occurring on July 30, 2014. Plaintiff has also brought a *Monell*[1] claim against Defendant City of Detroit.

Presently before the Court is the Defendants' Motion for Summary Judgment, filed on March 14, 2019. Plaintiff filed a Response in Opposition on April 10, 2019. Defendants filed their Reply in support of their present motion on April 22, 2019. A hearing on this matter was held on June 3, 2019. For the reasons

---

[1] *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978).

that follow, the Court will grant in part and deny in part Defendants' Motion for Summary Judgment.

## II.     FACTUAL BACKGROUND

The instant action stems from Plaintiff's arrest for allegedly carrying a concealed weapon on July 30, 2014. During the evening on that date, Plaintiff was visiting friends on the front porch of a residence located on Westphalia Street in Detroit, Michigan. At that time, Plaintiff was on parole for a prior felony conviction and deemed an "absconder" for violating the terms of his parole.

At some point during the evening, Plaintiff noticed a bright light shining onto the front porch and when he turned to see the source of the light, he saw that it was coming from a police vehicle. Defendants Fultz, Manzella and McKee were occupants of the police vehicle. As the police vehicle traveled closer to Plaintiff's location, Plaintiff panicked, jumped from the front porch and began to run towards the back of the house. Plaintiff ran through the backyard of the Westphalia location and jumped a fence to enter the neighboring backyard.

Defendants McKee and Manzella exited the police vehicle and pursued Plaintiff on foot. McKee was in front, about two to three feet ahead of Manzella. Plaintiff maintains that during McKee's and Manzella's foot pursuit, they both falsely stated that they observed Plaintiff toss a gun or guns. In his police report, Manzella stated that he "observed the offender reach under his white t-shirt and

2

remove a large revolver. The offender tossed it into the garage while he was running." *See* Plf.'s Resp., Ex. 4. Later, after an internal investigation, Manzella admitted that he never personally observed Plaintiff with a gun, rather this information was relayed to him by McKee. *Id*., Ex. 7. McKee stated that he found two handguns on the garage floor of the Westphalia location while in pursuit of Plaintiff. *Id*., Ex. 1. While McKee and Manzella claimed to have seen Plaintiff with firearms, neither officer drew their firearm consistent with police department policy. Additional scout cars were dispatched and Defendant-Officer Sam Serra and Officer Kristin Niemen arrested Plaintiff.

Plaintiff vehemently denies that he was in possession of any guns or that he tossed any guns on the night of July 30, 2014. Plaintiff voluntarily submitted to a polygraph test and while the results were inconclusive, the results did not show that Plaintiff was lying when he denied possession of any guns.

Plaintiff was subsequently charged in this Court for being a felon in possession of a firearm. Plaintiff entered a plea of not guilty and proceeded to trial. Defendants McKee, Fultz and Manzella all testified for the prosecution during Plaintiff's criminal trial. The jury returned a verdict of guilty on February 19, 2015. The Court sentenced Plaintiff to a term of 84 months imprisonment.

After Plaintiff's conviction, Defendants McKee and Fultz resigned from the Detroit Police Department amid allegations that they filed false police reports

claiming they saw a suspect toss a bag containing drugs out of a car window in another arrest. Both were charged with misconduct in office and for filing a false police report.

Defendants' first trial resulted in a mistrial due to a hung jury. Their second trial also ended in a mistrial after the trial court concluded the prosecutor intentionally elicited improper testimony from a witness. In granting the second mistrial, the trial court also dismissed the case against the Defendants with prejudice. The Michigan Court of Appeals upheld the trial court's decision to declare a mistrial but reversed the trial court's dismissal of the case with prejudice. On remand, the trial court again concluded that the prosecutor intended to elicit the improper testimony. It is unclear if this decision is now before the Michigan Court of Appeals.

Plaintiff appealed his conviction to the Sixth Circuit Court of Appeals. On May 3, 2016, the Sixth Circuit Court of Appeals remanded Plaintiff's case to this Court following a Joint Motion to Set Aside Conviction and Dismiss the Indictment Without Prejudice submitted by the Assistant United States Attorney and Plaintiff's defense counsel based on the Government's discovery of "evidence that calls into question the validity of Burton's conviction."

On May 5, 2016, this Court entered an Order Granting the Motion to Set Aside Conviction and Dismiss the Indictment Without Prejudice. Plaintiff's

judgment of conviction was vacated and the Indictment was dismissed without prejudice. *See* Dkt. No. 49, Case No. 14-cr-20506.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most

5

favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

**B. Defendants' Motion for Summary Judgment**

    **1. Malicious Prosecution**

Defendants argue that Plaintiff's Fourth and Fourteenth Amendment claims of false arrest and malicious prosecution, as well as Plaintiff's substantive due process claim are all precluded by the indictment, Plaintiff's conviction and the doctrine of *res judicata*.[2]

In order for *res judicata* to bar a subsequent action, there must be (1) a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 n.4 (6th Cir. 2007). Here, Defendant's *res judicata* argument fails on the first element because Plaintiff's judgment of conviction was vacated by this Court. Defendants provide no authority suggesting that Plaintiff's vacated conviction can serve as a final judgment on the merits in this subsequent action.

Defendants' reliance on *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017) is unusual because it does not appear to support Defendants' position. The *Sanders*

---

[2] Plaintiff has also alleged a claim under the Michigan Constitution. Defendants do not address this claim in their Motion for Summary Judgment. As such, the Court will conclude that Defendants do not believe this claim is appropriate for summary judgment.

case had nothing to do with a vacated judgment of conviction. In *Sanders*, the Sixth Circuit Court of Appeals held that the plaintiff's malicious prosecution claim based upon allegedly false grand jury testimony was barred because the officer was entitled to absolute immunity. *Id*. at 734-35. The *Sanders* court further found that the plaintiff's malicious prosecution claim based on the defendant-officer's false police report also failed because the plaintiff could not rebut the grand jury's indictment's presumption of probable cause without using the defendant-officer's grand jury testimony. *Id*. at 735.

Moreover, the judgment in *Sanders* was vacated in light of *Manuel v. Joliet*, 580 U.S. __, 137 S.Ct. 911, 197 L. Ed.2d 312 (2017). On remand, the Sixth Circuit concluded that the defendant-officer was not entitled to absolute immunity because his false police report set the prosecution in motion. *Sanders v. Jones*, 728 F. App'x 563, 2018 U.S. Dist. LEXIS 8523 (6th Cir. Apr. 4, 2018). For these reasons, Defendants' reliance on *Sanders* is misplaced.

While *res judicata* seems inapplicable here, it appears that Plaintiff cannot establish his malicious prosecution claim because he has not come forward with any evidence that the Defendants "made, influenced, or participated in the prosecution decision." *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017). To succeed on Plaintiff's malicious prosecution claim, Plaintiff must establish that (1) a criminal prosecution was initiated against the plaintiff and that the defendant

8

"made, influenced, or participated in the prosecution decision," (2) "there was no probable cause to support the charges,"[3] (3) as a result of the legal proceedings, the plaintiff suffered a deprivation of liberty "apart from the initial seizure," and (4) the criminal proceedings ended in plaintiff's favor. *Id*. at 389.

Plaintiff cannot establish the first element of his malicious prosecution claim because he has failed to come forward with evidence that any of the Defendants "made, influenced, or participated in the prosecution decision." A police officer cannot be liable for alleged malicious prosecution when the officer did not make the decision to bring charges. *See Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002).

---

[3] As to the issue of probable cause, there is an exception to the general rule that an indictment conclusively establishes probable cause. *See King v. Harwood*, 852 F.3d 568 (6th Cir. 2017). The exception applies when:

> (1) A law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony . . . the presumption that the grand jury indictment is evidence of probable cause is rebuttable and not conclusive.

*Id*. at 587-88. Thus, it does not appear that Plaintiff's claim fails for a lack of probable cause since his claims rest on the theory that the Defendants falsified their police reports.

In *Skousen*, the Sixth Circuit held that the plaintiff's malicious prosecution claim failed because the plaintiff "offered no evidence . . . supporting her claim that [the defendant] caused her to be prosecuted," and there was "no evidence that [the defendant] made or even was consulted with regard to the decision to prosecute [the plaintiff]." *Id.* In the instant matter, Plaintiff has not come forward with any evidence establishing a genuine issue of fact that any of the Defendants made or were consulted with regard to the charge brought against the Plaintiff. As such, Plaintiff's malicious prosecution claim fails and Defendants are entitled to summary judgment in their favor on Plaintiff's malicious prosecution claim.

### 2. False Arrest

In order to prove his false arrest claim, Plaintiff must establish that the arresting officer lacked probable cause to arrest him on the gun charge. *See Fridley v. Horrighs*, 291 F.3d 867 (6th Cir. 2002). Here, there is a genuine issue of material fact as to whether there was probable cause to arrest the Plaintiff.

Plaintiff has consistently denied possessing any guns on the night of July 30, 2014. Plaintiff has also presented evidence that Defendant Manzella admitted he lied when he claimed to have observed Plaintiff with guns near the Westphalia address. Moreover, neither Manzella nor McKee drew their weapons even though they claimed they had just observed Plaintiff with firearms. Viewing the evidence in the light most favorable to Plaintiff, there remains a question of fact as to

whether probable cause existed for Plaintiff's arrest on the gun charge. *See King v. Harwood*, 852 F.3d 568, 587-88 (6th Cir. 2017) (holding that pre-indictment nontestimonial acts that were material to the prosecution of the plaintiff could rebut the presumption of probable cause established by an indictment if an officer acted "knowingly or recklessly" in making false statements that were material to the prosecution.). Additionally, all of the Defendants can be liable for Plaintiff's unlawful arrest. *See Gordon v. Degelmann*, 29 F.3d 295, 298 (7th Cir. 1994) (citing *Kilbourn v. Thompson*, 103 U.S. 168, 200 (1880))("One who directs or assists an unlawful arrest may be liable.")

Accordingly, Defendants are not entitled to summary judgment in their favor on Plaintiff's false arrest claim.

### 3. Substantive Due Process

Plaintiff fails to address his substantive due process claim in his responsive brief. It is therefore unclear whether Plaintiff intends to proceed with the claim or whether Plaintiff agrees that Defendants are entitled to judgment in their favor on this claim.

In order for Plaintiff to establish a substantive due process claim, he must demonstrate an "abuse of power . . . [that] shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). However, "[w]here a particular amendment provides an explicit textual source of constitutional protection against

a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claims." *Id*. at 842.

Here, Plaintiff's substantive due process claim is premised on an unlawful seizure. Thus, a "[s]ubstantive due process analysis is therefore inappropriate in this case" because the alleged injury is "covered by" the Fourth Amendment. *Id*. at 843. Therefore, Defendants are entitled to judgment in their favor on Plaintiff's substantive due process claim.

### 4. Municipal Liability

Defendants argue that the City is entitled to judgment in its favor because Plaintiff has failed to identify the custom or policy the City promulgated or deployed that deprived Plaintiff of his constitutional rights. Plaintiff counters that the City acquiesced in the unconstitutional conduct of its officers by ratifying their conduct despite an internal investigation that uncovered Manzella's false police report.

A local government may be liable as an entity under § 1983 when "execution of government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). To find municipal liability, Plaintiff must "identify the policy, connect the policy to

the city itself and show that the particular injury was incurred because of the execution of that policy." *Gardner v. Memphis Police Dep't*, 8 F. 3d 358, 364 (6th Cir. 1983). Additionally, Plaintiff must prove that: (1) "the City pursued an official custom or policy of failing to adequately train, supervise, or discipline its officers in a particular matter," and (2) "such official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F. 3d 989, 996 n. 8 (6th Cir. 1994).

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Fisher v. Harden*, 398 F. 3d 837, 849 (6th Cir. 2005). "[A] plaintiff ordinarily cannot show that a municipality acted with deliberate indifference without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond." *Stemler v. City of Florence*, 125 F. 3d 856, 865 (6th Cir. 1997); *see also Miller v. Sanilac County*, 606 F. 3d 240 (6th Cir. 2010) (The plaintiff "must show prior instances of unconstitutional conduct demonstrating that the [municipal actor] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.").

In the instant case, Plaintiff has failed to show that a genuine issue for trial exists as to his municipal liability claim. Plaintiff has not presented any evidence to the Court showing that the City was aware of prior instances of Defendants' unconstitutional conduct. There is no evidence before this Court that the City ignored Defendants' histories of abuse. As such, Defendant City is entitled to judgment in its favor.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion for Summary Judgment [#35] is GRANTED IN PART and DENIED IN PART.

Count II (malicious prosecution), Count III (substantive due process) and Count IV (*Monell*) are DISMISSED.

Dated: June 5, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 5, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager